# RUBIN, FIORELLA & FRIEDMAN LLP
ATTORNEYS AT LAW
292 MADISON AVENUE
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 953-2381
FACSIMILE: (212) 953-2462

WRITER'S DIRECT DIAL:
E-MAIL:          (212) 447-4605
JMERCANTE@RUBINFIORELLA.COM

September 8, 2010

*Via ECF*

The Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Henry Marine, et al. v. The City of New York
             09 cv 3512 (ERK)(VVP)

Dear Judge Korman:

    We represent Henry Marine Service Inc., in connection with its salvage claim and write to respond to the City's September 1, 2010 correspondence to Your Honor concerning its failure to compensate Henry Marine for the three days that the Tug DOROTHY J and its full crew stood by the ferry at the pier on Staten Island, engines running, holding the ferry into the pier.

    The City states in its September 1, 2010 letter that it is "not accurate" that the City refused to compensate Henry Marine for this time period. Once again, the City selectively omitted testimony and did not point out that Henry Marine's President, Dorothy Julian, explained during cross-examination why she could not submit an invoice:

> Q. Since that determination, you have never submitted an invoice to the City, correct?
>
> A. No. But that particular contract is closed out. I do not believe I can submit any further invoices on that contract.
>
> Q. All right. Did you ever attempt to submit an invoice to the City?
>
> A. No, because when they retain - - return your retainage, they clearly stipulate that you agree that you have no further claims under the terms of this contract.

The Honorable Edward R. Korman
United States District Judge
September 8, 2010
Page - 2 -

> Q. All right. So other than the question that Mr. Mercante posed to our office just last week about payment for that period of time, there has been no communications from you or your attorneys requesting payment for that time period, correct?
>
> A. Correct. We were waiting for the salvage decision.

(Trial Transcript, p.182).

Ms. Julian testified on direct as follows:

> Q. Ms. Julian, that time period from Wednesday to Saturday, the Judge has already made a ruling that that was not a salvage service. But since the Judge's decision, has the City offered to pay you for those 65 or 66 hours at the contract rate?
>
> A. I asked you to find out about that.
>
> Q. And did you get a response?
>
> A. We never got a response.
>
> Q. So you - - your men have been paid for that time period, but you haven't been paid by the City?
>
> A. My men have been paid yes and I have not been paid.

(Trial Transcript p.178).

Your Honor's February 26, 2008 summary judgment ruling on salvage was that the specific time period at issue was not subject to a salvage award, as services that Henry Marine was ordered to perform pursuant to the contract entered into with the City, and thus was governed by the sum certain in the contract.

Accordingly, subsequent to Your Honor's decision, we contacted counsel for the City on at least two occasions and requested that the 66 hours of tug time be compensated at the contract rate of $239.00 per hour for a total of $15,774.00. Counsel for the City said they would check with the City and revert with the City's response. On each occasion that I checked back with counsel for the City, we were advised that they had received no response from the City to our

RUBIN, FIORELLA & FRIEDMAN LLP

The Honorable Edward R. Korman
United States District Judge
September 8, 2010
Page - 3 -

claim. We were never advised to submit an invoice at any time by counsel for the City nor was Henry Marine advised to submit an invoice for that time period.

Accordingly, it is respectfully requested that Your Honor award the contract rate for the 66 hours to Henry Marine Service Inc. in the amount of $15,774.00.

If the City continues to object to compensating Henry Marine for this time period at the contract rate, then, alternatively, we respectfully request that Your Honor consider awarding a low-order salvage award as per the dicta in Your Honor's February 26, 2008 decision (stating that the amount of the award, to the extent there would be entitlement to a salvage award for the period at issue, would be "nominal). *See M/V ANDREW J. BARBERI*, 534 F. Supp.2d 370; 2008 A.M.C. 1182, 1198 (E.D.N.Y. 2008).

We thank the Court for its consideration of this request.

Respectfully,

James E. Mercante

JEM/sr

RUBIN, FIORELLA & FRIEDMAN LLP